* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Taylor with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On August 27, 2003, Regina Anita Skinner was operating a school bus for Durham Public Schools in the course and scope of her employment as a school bus driver for Durham Public Schools.
4. On August 27, 2003, at approximately 6:15 a.m., Ms. Skinner was operating a school bus at the intersection of US Highway 501 and RP-2603 (South Lowell Road) in Durham County, North Carolina.
5. On August 27, 2003, at approximately 6:15 a.m., Stephen Henry Cates, Sr., was operating a 1995 Mazda on US Highway 501.
6. On August 27, 2003, at approximately 6:15 a.m., a collision of the vehicle being operated by Ms. Skinner and the vehicle being operated by Mr. Cates occurred on US Highway 501 in Durham, North Carolina.
7. Mr. Cates died as a result of injuries sustained in said collision.
8. On August 27, 2003, Carolyn Cates was married to Mr. Cates.
9. On August 27, 2003, Cates had four adult children surviving him, to wit: Sharon Cates, Dannie Cates, Richard Cates, and Catherine Cates.
10. In Durham County, North Carolina on Wednesday, August 27, 2003, civil twilight began at 6:17 a.m. and sunrise was at 6:43 a.m., eastern daylight time. *Page 3 
11. Defendant admits that Ms. Skinner had a duty to avoid blocking the northbound lanes of US 501 and to yield the right of way to traffic proceeding on US 501, and defendant admits and stipulates that Ms. Skinner breached said duty.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 27, 2003, Ms. Skinner was operating a school bus for Durham Public Schools in the course and scope of her employment as a school bus driver for Durham Public Schools.
2. The school bus came to a complete stop at a stop sign located at the intersection of South Lowell Road and US 501 at 6:15 a.m.
3. At that time, the lighting conditions were dark and civil twilight had not yet begun. There was some fog in the area, but not so much fog as to prevent Ms. Skinner from being able to see headlights coming toward the intersection from either direction on US 501.
4. While she was stopped at the stop sign, Ms. Skinner looked to her left and saw the headlights of two vehicles approaching the intersection in the northbound lanes of US 501. When she looked to her right, she saw traffic approaching the intersection from the southbound lanes of US 501.
5. At that time, Ms. Skinner intentionally took her foot off of the brake of the school bus and placed it on the accelerator pedal of the school bus, causing the school bus to enter the intersection, with the intention of stopping the school bus in the paved median of US 501, in her attempt to travel straight across US 501 to the other side to continue on South Lowell Road. *Page 4 
6. When she stopped the school bus in the paved median of US 501, Ms. Skinner knew that the rear portion of the school bus was blocking at least one entire lane of the northbound travel lanes of US 501 as the bus was stopped, positioned perpendicular to the direction of traffic in the northbound travel lanes of US 501.
7. The only lights emitting from the side of the bus as it was stopped, blocking the left (inner) lane of northbound US 501, were three small yellow lights located near the top of the bus along its side. There is no evidence that those lights, or any lights from the bus, were visible or sufficient to warn motorists traveling on the northbound lanes of US 501 of the presence of the bus as it was blocking northbound traffic on US 501.
8. The Full Commission finds there to be no evidence that Ms. Skinner blew her horn, turned on emergency lights, maneuvered her bus, or made any attempts whatsoever to warn oncoming motorists that the back of her bus was blocking traffic on northbound US 501, even though Ms. Skinner was aware that there was traffic proceeding northbound on US 501.
9. Ms. Skinner's operation of the school bus in this manner, stopping in the paved median and blocking oncoming traffic while stopped waiting for traffic to clear from the other, southbound lanes, was in direct violation of the instructions given to Ms. Skinner in the training manual used by the school to train Ms. Skinner as a bus driver.
10. Ms. Skinner could not recall how long she had been stopped in the median, blocking the northbound traffic on US 501. The time was sufficient for the two vehicles that she had seen approaching to pass from behind her bus, apparently in the (outer) lane of northbound US 501.
11. Stephen Henry Cates, Sr., was operating a 1995 Mazda on US 501 in the inner northbound lane, approaching the intersection which was blocked by the school bus. As he *Page 5 
approached the intersection, Mr. Cates apparently became aware of the school bus blocking his lane of travel and attempted to avoid a collision by applying his brakes, leaving 54 feet of skid marks and attempting to veer to the right. Despite these efforts, the collision between the two vehicles occurred, resulting in the death of Mr. Cates.
12. The Full Commission finds that Mr. Cates was operating his vehicle in a reasonable, prudent and lawful manner, in a place where he had a right to be, as he approached the intersection where the wreck occurred. There is insufficient evidence upon which to find any contributory negligence on his part.
13. Inspection of Mr. Cates' vehicle after the collision confirmed that the Cates vehicle was in good mechanical, working order, with his headlight illuminated and with his brakes and steering mechanism in proper working order.
14. Mr. Cates was restrained by his lap and shoulder belts at the time of the collision.
15. Ms. Skinner had a duty to keep a proper look out and negligently breached this duty.
16. Ms. Skinner had a duty to yield the right of way to oncoming traffic on US 501, and negligently breached this duty.
17. Ms. Skinner had a duty to avoid blocking a travel lane on a highway and negligently breached this duty.
18. The Full Commission finds that Ms. Skinner's negligent breach of duties was the proximate cause of the collision between the two vehicles, which resulted in the death of Mr. Cates.
19. Mr. Cates was married to Carolyn Johnson Cates on August 21, 1997, and they lived together as husband and wife in the same household until the date of his death. *Page 6 
20. Mr. Cates had four adult children at the time of his death: Sharon Cates, Dannie Cates, Richard Cates and Catherine Cates.
21. Mr. Cates was employed by Granville County Schools, working at Butner-Stem Middle School as a custodian, continuously from 1998 until his death.
22. There was no requirement that Mr. Cates retire at a certain age; however, his intention was to retire in the year 2010, when his wife was scheduled to retire from her employment.
23. During the time of his employment as a custodian, Mr. Cates's supervisor, Clinton Holeman, was able to observe Mr. Cates on a regular, daily basis, performing sustained and strenuous physical activities, including running machinery, lifting and moving tables and chairs, mopping floors, waxing floors, cleaning bathrooms, dusting classrooms, cleaning cafeterias and other tasks necessary to carry out his duties as custodian at Butner-Stem Middle School. Mr. Cates exhibited no physical disabilities or restrictions on his movements and activities throughout his period of employment, up to the time of his death.
24. Mr. Cates had no underlying diseases or disabilities that would prevent him from continuing to work for an additional seven years and to live his normal life span of 12.9 years (N.C. Gen. Stat. § 8-46).
25. Mr. Cates' income during the year prior to his death from Granville County Schools was $1,488.08 per month, on a 12-month per year basis. Mr. Cates deposited said income into a joint account with his wife, Carolyn Cates, during the course of his employment with Granville County Schools.
26. Mr. Cates also had income from Social Security Retirement in the amount of $929.00 per month, which was deposited into a joint account owned by Mr. Cates and his wife, *Page 7 
during the course of his marriage. This sum was anticipated to be received for the continued lifetime of Cates, and terminated upon his death.
27. Mr. Cates also had income from a pension from his prior employment with Western Auto in the amount of $110.24 per month, which was automatically deposited into a joint account for the use and benefit of Mr. Cates and his wife, Carolyn Cates. This sum was anticipated to be received for the continued lifetime of Mr. Cates, and terminated upon his death.
28. The present value of the economic loss of the income from Granville County Schools by reason of Cates' premature death is $44,167.00, as confirmed by economist Dr. J. Finley Lee.
29. The present value to life expectancy of the Social Security benefits and Western Auto pension is $95,608.00.
30. In addition to the economic value of services, Cates provided substantial additional valuable society, companionship, comfort, guidance, kindly office and advice to his spouse and his four adult children. Cates was a very loving, dedicated husband and father who devoted his life to his wife, children, and grandchildren, so as to provide incalculable support for them on a daily basis. Based on the evidence of record, the Full Commission finds the amount of $121,212.24 to be reasonable compensation for such loss.
31. The Full Commission finds that the reasonable damages for plaintiff's wrongful death are:
 • Scarborough Hargett Funeral Home: $10,287.05
 • Robert Harris (headstone): $3,171.00
 • Herald Sun (obituary memorial): $554.71
 • Present value for lost income: $44,167.00 *Page 8 
 • Present value for Social Security Western Auto Pensions: $95,608.00
 • Loss of services, society, companionship, comfort, guidance, kindly offices and advice by wife and four children: $121,212.24
 TOTAL DAMAGES: $275,000.00 *Page 9 
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Acts, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State Univ., 321 N.C. 706, 709 (1998). Plaintiff has shown that Regina Anita Skinner negligently operated the school bus she was operating for defendant on August 27, 2003, and Ms. Skinner's negligent operation of the school bus was the proximate cause of the accident resulting in Cates' death.Id. Thus, plaintiff has shown that the death of Mr. Cates and the resulting damages she sustained, were the proximate result of a negligent act of defendant. N.C. Gen. Stat. § 143-291.
2. There is insufficient evidence upon which to find that Stephen Henry Cates, Sr., was contributorily negligent. N.C. Gen. Stat. §143-299.1.
3. As a direct and proximate result of the collision between the school bus operated by Ms. Skinner and the vehicle operated by Mr. Cates, plaintiff has sustained damages recoverable for death by wrongful act in the amount of $275,000.00. N.C. Gen. Stat. § 143-299.2. This amount shall be administered by Carolyn J. Cates, Administratrix of the Estate of Stephen H. Cates, Sr., according to the provisions of Chapters 28A and 29 of the North Carolina General Statutes.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay to plaintiff, Carolyn J. Cates, Administratrix of the Estate of Stephen H. Cates, Sr., the sum of $275,000.00 for the damages recoverable for death from wrongful act.
2. Defendant shall pay the costs of this action.
This 30th day of January 2007.
 S/______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1